FRENCH v. FRENCH et al.

(Supreme Court, Appellate Term.　December 8, 1910.)

1. DAMAGES (§ 15*)—THEORY OF PECUNIARY REPARATION—EVIDENCE.

The theory upon which the law allows damages in a civil action is based upon the doctrine that, where injury or loss has been sustained by one person through the action of another, commensurate compensation is recoverable against the person who occasioned the damage, and there must be evidence furnishing with reasonable certainty a basis for a money estimate of the damages claimed before recovery may be had.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 15.*]

2. DAMAGES (§ 188*)—EVIDENCE—VALUE OF PERSONAL PROPERTY—SUFFICIENCY.

In an action for damages from the sale of property pledged to secure a loan at a place other than that alleged to have been agreed upon, testimony of the former owner that she made out a list of the articles several months after the loan, and put opposite each article what in her opinion was the fair and reasonable value thereof, and what she thought they ought to bring at a sale, was based merely on speculation and conjecture, and was too uncertain and unreliable to support a verdict for damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511; Dec. Dig. § 188.*]

Appeal from City Court of New York, Trial Term.

Action by Helen A. French against Charles T. French and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Stillman F. Kneeland, for appellants.

Studin & Sonnenberg (Charles H. Studin, of counsel), for respondent.

PLATZEK, J.　On the 17th day of March, 1902, the defendants loaned to the plaintiff the sum of $900, the former receiving as security for the loan a bill of sale of certain furniture and house fittings owned by the plaintiff, and then stored at the Metropolitan Storage Warehouse Company. A written memorandum signed by the defendants on the same day shows the consideration for the transfer. Simultaneously and as part of the same transaction the plaintiff claims that an oral agreement was made between the parties to the effect that the sale of the property so transferred should take place at Silo's auction rooms on Fifth avenue, and not at the Metropolitan storage warehouse. The making of the oral agreement is controverted by the defendants. The plaintiff did not repay the loan directly. The sale of the furniture, at public auction, took place at the Metropolitan storage warehouse without the assent of the plaintiff and realized $1,557, out of which the loan, interest, and expenses were satisfied. This action was brought to recover damages from the defendants for breach of the contract in selling the goods at the Metropolitan, instead of Silo's.

The record is barren of credible proof indicating what the goods if sold at auction at Silo's would have realized. The difference between what the articles brought at the Metropolitan storage ware-

house and what they would have brought at Silo's auction rooms was the question submitted to the jury as the measure of damage. The plaintiff testified as to quantities, qualities, and values. Upon being shown a list of the articles in question, she said:

"I went over the same list of articles and put opposite each article what in my opinion was the fair and reasonable value thereof on December 8, 1902 ($5,800.00). I made out a list in my own handwriting of the prices that I thought they should have brought. I had some memorandum there on which I made that and I wrote down the prices opposite them that I thought they should have brought on the list."

The only other witness produced by the plaintiff was Jacob A. Frank, who stated, among other things:

"I had attended maybe half a dozen auction sales at the Metropolitan Storage Warehouse Company, and I am an expert only as to antique furniture. I don't know anything about anything else."

The court charged the jury as follows:

"I charge you that the measure of damages would be the difference, not in the market value and in the prices they brought, if there was any difference, but the difference would be between a sale at public auction at the Metropolitan warehouse and the sale of the same goods under the same conditions at the Silo's salesroom at public auction."

No objection was made to this charge, and counsel for both sides on this appeal approve of the same. The jury rendered a verdict in favor of the plaintiff for $1,500. The theory upon which the law allows damages in a civil action is based upon the doctrine that, where injury or loss has been sustained by one person through the action of another, commensurate compensation is recoverable against the person who occasioned the damage. Evidence furnishing a basis for a money estimate of the damages claimed must be furnished before a recovery may be had. The amount of damages to which a party may be entitled must be proven with reasonable certainty by competent testimony. While it is not necessary to prove the exact amount with mathematical precision to a certainty, yet, when substantial damages are demanded, evidence to be sufficient to allow a recovery must furnish some reasonable criterion or data from which the jury may make rational deductions and calculations. The proof in this case as to the damages is uncertain, unreliable, based merely on speculation and conjecture, and wholly insufficient to sustain the verdict.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.